UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STANLEY MCFARIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV423-092 |
| WILCHER, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

The Court previously granted *pro se* plaintiff Stanley McFarin's request to proceed *in forma pauperis*. *See* doc. 3. That Order directed McFarin to return several forms. *See id.* at 4-5. The deadline for him to return those forms was April 26, 2023. *See id.* On May 2, 2023,[1] the Clerk received an unsigned and undated document[2] that informed the

---

[1] The Clerk stamped the document "filed" on "April 32[,]" 2023. *See* doc. 4 at 1.

[2] The Clerk notified McFarin that his submission was defective. *See* doc. 5; *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."). Since courts enjoy broad discretion in deciding how best to manage the cases before them, the Court has extended the deadline for McFarin's compliance despite his filing's procedural defects. *See, e.g., Godoy v. Office of Bar Admissions*, 2006 WL 2085318, at *3 (N.D. Ga. July 25, 2006) ("A review of applicable precedent . . . illustrates that absent serious, actual prejudice to another party, district courts, often with circuit approval, have exercised the inherent authority to manage their dockets so as to grant enlargements of time even when such extensions fall outside the literal scope of Rule 6(b)," and collecting cases). He should not expect to receive further exceptions in the future.

1

Court that McFarin had been unable to secure the cooperation of jail staff to complete the forms.[3] *See* doc. 4 at 1 ("I also declair [sic] that I can-not [sic] comply with the Fed. Courts for lack of Sheriff's staff corporation [sic]."). The document includes a discussion of circumstances not directly relevant to McFarin's claims in this Court, *id.* at 2 (discussing allegations that his daughter misused significant funds with Plaintiff's debit card), and statements concerning purported legal principles, *id.* (discussing McFarin's contentions concerning his rights to access to a law library). None of those discussions are relevant to McFarin's failure to comply with the Court's Orders. *Cf. Moon v. Newsom*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, his is subject to the relevant law and rules of court, [which] . . . provide sanctions . . . for failure to comply with court orders.").

The Court will construe McFarin's filing, despite its procedural and formal ambiguities, as a request for additional time to submit the forms required by the Court's prior Order. McFarin is **DIRECTED** to complete

---

[3] The Court notes that the Consent to Collection of Fees from Trust Account form does not require any action by jail staff. *See* doc. 4 at 5. It merely requires McFarin to sign and date it. Even assuming that the information he presents explains his failure to return the Prisoner Trust Fund Account Statement form, there is no explanation for his failure to return the consent form. *See generally* doc. 4.

and return the forms, as required in the Court's prior Order, *see* doc. 3 at 4-5, by no later than May 19, 2023. The Clerk of Court is **DIRECTED** to serve along with a copy of this Order additional copies of the Prisoner Trust Account Statement form and the Consent to Collection of Fees from Trust Account form. McFarin is advised that failure to comply timely with this Order shall result in a recommendation that his case be dismissed. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED**, this 5th day of May, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA