UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| STANLEY MCFARIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-092 |
| | ) | |
| WILCHER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

In a prior Order, the court granted *pro se* plaintiff Stanley McFarin leave to pursue this case *in forma pauperis*, doc. 3 at 1, and directed him to return several forms, *id.* at 4-5. He responded to that Order, indicating that he has been unable to secure cooperation from jail staff to complete the forms. *See* doc. 6 at 1-2. The Court construed that response as seeking additional time to comply. *Id.* at 2-3. McFarin was expressly warned that failure to return those forms "shall result in the recommendation that his case be dismissed." *Id.* at 3. The extended deadline has expired and McFarin has not returned either form. *See generally* docket. The Court's Order, and a prior notice from the Clerk, have also been returned by the Post Office as undeliverable. *See* docs. 7 & 8. Because McFarin failed to comply with the Court's Order and failed

1

to keep the Court apprised of his address, *see* S.D. Ga. L. Civ. R. 11.1, his case should be **DISMISSED**.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Accordingly, Plaintiff's Complaint should be **DISMISSED** for his failure to comply with the Court's Order and Local Rules, and his failure to prosecute this action.[1]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy

---

[1] If Plaintiff wishes to comply, the fourteen-day objections period, discussed below, affords him one final opportunity to submit the required forms and to comply with the Clerk's notice of deficiency. If he submits the forms out-of-time, he must include an explanation for his failure to timely comply with the Court's Order. He must also provide the Clerk with an updated address in compliance with the Local Rules.

2

on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 24th day of May, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA